# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-2524

_____

Ana Yessenia Ponce-Lopez; Mario Enriquez Paz-Guevara; M.J.P.P.

*Petitioner*s

v.

Todd Blanche, Acting Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 4, 2026
Filed: August 7, 2026
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.

_____

PER CURIAM.

Honduran citizens Mario Enriquez Paz-Guevara and Ana Yessenia Ponce-Lopez, and their minor child, M.J.P.P. (collectively, Petitioners), petition for review of an order of the Board of Immigration Appeals (BIA). The BIA dismissed their appeal from an immigration judge's (IJ's) decision denying them asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Having reviewed the record and the parties' arguments on appeal, we conclude that the agency properly denied Petitioners asylum. <u>See</u> 8 U.S.C. §§ 1101(a)(42), 1158(b)(1) (asylum eligibility requirements). Substantial evidence supports the conclusion that Petitioners failed to establish past persecution. <u>See</u> <u>Cano v. Barr</u>, 956 F.3d 1034, 1039 (8th Cir. 2020) (persecution involves infliction or credible threat of death, torture, or injury; it is an extreme concept that excludes low-level intimidation and harassment) (citations and quotations omitted). A reasonable factfinder could also conclude that Petitioners failed to establish a well-founded fear of future persecution on account of their proposed particular social group. <u>See</u> 8 U.S.C. § 1158(b)(1)(B)(i) (asylum applicant must show claimed protected ground "was or will be at least one central reason" for persecution); <u>Silvestre-Giron v. Barr</u>, 949 F.3d 1114, 1119 & n.3 (8th Cir. 2020) (whether noncitizen established the requisite nexus is a factual determination reviewed for substantial evidence); <u>Baltti v. Sessions</u>, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam) (the lack of a nexus is dispositive of an asylum claim). Substantial evidence also supports the agency's denial of withholding of removal and CAT protection. <u>See</u> <u>Guled v. Mukasey</u>, 515 F.3d 872, 881-82 (8th Cir. 2008) (noncitizen who does not meet well-founded fear standard for asylum cannot meet higher "clear probability" standard for withholding of removal; separate analysis for CAT claim is required only when there is evidence noncitizen may be tortured for reasons unrelated to asylum and withholding of removal claims).

The petition is denied. <u>See</u> 8th Cir. R. 47B.

_____